**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUAN MANUEL NAVARRO-REYNA,** | § | |
| | § | |
| **VS.** | § | **NO. A-06-CA-460 LY** |
| | § | |
| **KENNETH PASQUARELL, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner's Application for Temporary Restraining Order, for Preliminary and Permanent Injunction, and Original Application for Writ of Habeas Corpus filed June 15, 2006 (Clerk's Doc. No. 1); Petitioner's Motion for Temporary Order and Supporting Memorandum filed June 15, 2006 (Clerk's Doc. No. 2); and Petitioner's Response to Show Cause Order filed June 27, 2006 (Clerk's Doc. No. 8). After considering the parties' pleadings, the record, and the relevant law, the Magistrate Court issues the following Report and Recommendation.

**I.  BACKGROUND**

According to Petitioner Juan Manuel Navarro-Reyna ("Petitioner"), he has lived in America since he was a child and was a lawful permanent resident of the United States. Petitioner pled guilty to aggravated assault in 1993 and was sentenced to 10 years probation. His probation was revoked in 1995, and Petitioner was subsequently deported on July 16, 1999. Petitioner then reentered the U.S. in 2000 and worked in Temple, Texas until he was arrested in 2002 for illegal re-entry after deportation, for which he was convicted and sentenced to penitentiary time. Petitioner is scheduled for release from the B.O.P. in June of 2006 and expects that the deportation order will be reactivated.

Petitioner admitted his convictions, but argues that he was deported without being given a § 212(c) hearing. He asserts he is entitled to *St. Cyr* relief because: (1) he entered into a plea agreement when § 212(c) relief was available to him; (2) his first conviction did not bar him from such relief; and (3) he had accrued at least seven years of constant lawful domicile by the time the final order of removal was issued.

## II. ISSUES

On June 16, 2006, this Court filed a Show Cause Order, citing the REAL ID Act, and directing the Petitioner to show the Court why his case should not be dismissed for lack of jurisdiction. Petitioner responded that the REAL ID Act did not apply to his case because there has not been a valid deportation order issued.

## III. DISCUSSION

On May 11, 2005 the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" Pub. L. No. 109-13, 119 Stat. 231 (2005). Portions of the legislation are referred to as the "REAL ID Act".

In pertinent part, the REAL ID Act amended 8 U.S.C. § 1252 to place review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals by adding the following provision:

> Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus

>provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The REAL ID Act further amended § 1252 by altering subpart (b)(9), which now provides:

>Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). These provisions took effect on May 11, 2005, the date of enactment, and apply to cases in which the final order of removal was issued "before, on, or after" May 11, 2005. REAL ID Act § 106(b), Pub. L. No. 109-13, 119 Stat. at 311.

The Fifth Circuit has repeatedly held the REAL ID Act has divested federal district courts of jurisdiction over § 2241 petitions attacking removal orders. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006) (REAL ID Act explicitly forecloses habeas review of removal orders); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512 (5th Cir. 2006) (habeas jurisdiction to review removal orders issued on basis of alien's conviction of aggravated felony foreclosed by REAL ID Act); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006) (after REAL ID Act, appellate court is now exclusive forum for challenge to removal order).

Although Petitioner argues that the REAL ID Act does not apply to him, nothing in his response explains how this Court has jurisdiction over his case. Petitioner has filed a suit pursuant

to 28 U.S.C. § 2241, not a suit challenging the constitutionality of the REAL ID Act. The plain language of the REAL ID Act removed jurisdiction from this Court to review Petitioner's habeas corpus petition. Accordingly, Petitioner's Application for Writ of Habeas Corpus should be *sua sponte* dismissed for lack of jurisdiction.[1]

## IV. RECOMMENDATION

Petitioner's application for writ of habeas corpus should be **DISMISSED** for lack of jurisdiction.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct.

---

[1] The undersigned notes the Real ID Act provides for transfer of habeas petitions challenging a final order of removal "to the court of appeals for the circuit in which a petition for review could have been properly filed." REAL ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311. However, this provision is specifically limited to those petitions "pending in a district court on the date of the enactment" of the Real ID Act. *Id.* This action was not filed until June 15, 2006, more than a year after enactment. Accordingly, dismissal for lack of subject matter jurisdiction, rather than transfer to the Fifth Circuit, is the appropriate disposition of this action.

466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 27th day of June, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE